IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LESLIE YOUNG LODGE POLE,<br><br>Plaintiff,<br><br>vs.<br><br>EMERY NAULT, LENORA MEYERS-NAULT, and GLORIA LITTLE,<br><br>Defendants. | CV-16-110-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATION ON DEFENDANT'S MOTION DEFAULT** |

## I. BACKGROUND

On October 14, 2016, *Pro Se* Plaintiff Leslie Young Lodge Pole ("Mr. Lodge Pole") filed a Complaint and a Motion for Leave to Proceed *In Forma Pauperis*. (Docs. 1 and 2). The Court granted Mr. Lodge Pole leave to proceed *in forma pauperis* and conducted a *sua sponte* screening of Mr. Lodge Pole's Complaint pursuant to 28 U.S.C. § 1915. (Doc. 6). Mr. Lodge Pole was granted leave to file an Amended Complaint on or before December 1, 2016. (*Id.* at 6-7). On February 23, 2017, Mr. Lodge Pole filed his Amended Complaint asserting federal question jurisdiction. (Doc. 9 at 5). The Complaint against *Pro Se* Defendants Emery Nault, Lenore Meyers-Nault, LCPC, LAC, and Gloria Little,

1

LAC, alleged wrongful termination, "Sexual Harassments/Sexual Suggestive Overtones," defamation, and religious discrimination. (*Id.* at 7).

On September 19, United States District Judge Brian Morris issued an Order stating that Mr. Lodge Pole had not provided the Court with a return of service on Defendants in accordance with Fed. R. Civ. P. 4(m). (Doc. 10). Judge Morris ordered that Mr. Lodge Pole file proof of service of Summons and Complaint on Defendants on or before October 19, 2017. (*Id.* at 1-2). On October 20, 2017, Mr. Lodge Pole filed notice that Defendant Lenore Meyers-Nault ("Ms. Meyers-Nault") was served on October 19, 2017, and that Defendants Emery Nault ("Mr. Nault") and Gloria Little ("Ms. Little") were served on October 20, 2017. (Docs. 12, 13, and 14). Accordingly, Ms. Meyers-Nault's Answer was due on November 9, 2017, and the others' on November 10, 2017.

On November 22, 2017, Mr. Lodge Pole filed a Motion for Entry of Default Judgment against Defendants "pursuant to Fed. R. Civ. P. 55(a)," stating that Defendants had not filed an appearance with the Court. (Doc. 15). Mr. Lodge Pole's Motion, however, did not indicate that he had contacted Defendants and stated whether the motion was opposed, was filed without a certificate of service, and the accompanying affidavit was not notarized. (*See* Doc. 17). On December 5, 2017, Mr. Lodge Pole filed an Amended Motion for Entry of Default which

stated that he had contacted the other parties and that they did not object to the motion. (Doc. 18).

On December 7, 2017, Defendants, now represented by counsel, filed their Answer to Mr. Lodge Pole's Amended Complaint. (Doc. 20). That same day, Mr. Lodge Pole filed a Second Amended Motion for Entry of Default, which was identical in substance to his original Amended Motion. (Doc. 21; *see* Doc. 18). On December 12, 2017, Defendants filed a Response to Mr. Lodge Pole's original Amended Motion for Entry of Default. (Doc. 22). Mr. Lodge Pole has not filed a Reply brief in support of his Motion. Therefore, the issue has been fully briefed and is ripe for adjudication.

## II.  LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the non-defaulting party may seek a default judgment, either to the Clerk of Court if the claim is for a sum certain, or to the Court in all other cases. Fed. R. Civ. P. 55(b). The Court may also set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In determining whether good cause exists, a court may consider "(1) whether the plaintiff will be prejudiced, (2) whether the

defendant has a meritorious defense, and (3) whether culpable conduct of defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463).[1] "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citing *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966)).

### III. Analysis

**1. Default**

Mr. Lodge Pole sought an entry of default on November 22, 2017. (Doc. 15). The Clerk of Court, therefore, was required to enter notice of Defendants' default. Fed. R. Civ. P. 55(a) ("the clerk must enter the party's default"). No such notice was filed in this case. However, "[a] defendant who fails to [file a responsive pleading] within the time specified by the rules is in default even if that fact is not officially noted." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, vol. 10A, § 2692 (4th ed. 2017). Therefore, the Court

---

[1] Both *Brandt* and *Falk* specifically refer to the factors for setting aside a default judgment under Rule 60(b). However, the Ninth Circuit has stated that the factors under Rule 60(b) are "the same factors governing the inquiry into 'good cause' under Rule 55(c)." *Brandt*, 653 F.3d at 1111.

finds that Defendants are in default as of November 10, 2017.

It appears to the Court that Mr. Lodge Pole is seeking "default judgment" under Rule 55(b), despite being stylized as an Amended Motion for Entry of Default pursuant to Rule 55(a). (*See* Docs. 18 and 21). As illustrated in Section I above, this case has a complicated procedural history. Mr. Lodge Pole's motions seem to confuse an entry of "default" with an entry of "default judgment," as evidenced by his motion for "default judgment" under Rule 55(a) instead of 55(b). *Pro se* pleadings are to be liberally construed so as to do justice, particularly "where highly technical requirements are involved." *U.S. v. Ten Thousand Dollars ($10,000) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988) (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). Therefore, the Court will construe Mr. Lodge Pole's Amended Motion for Entry of Default as a motion for entry of default judgment.

As stated, the Clerk of Court was required to enter Defendants' default as of November 10, 2017. Because they are already in default, Defendants' Brief in Opposition to Plaintiff's Motions for Entry of Default (Doc. 22) should instead be a motion to set aside default pursuant to Rule 55(c). As the Fourth Circuit noted, citing cases from the Second, Third, Sixth, Ninth, and Tenth Circuits, "[i]t has been held in an extensive line of decisions that Rules 55(c) and 60(b) are to be liberally

5

construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson*, 411 F.2d at 130 (listing cases). Given the confusion described above, the Court shall construe Defendants' Brief in Opposition as a motion to set aside default under Rule 55(c).

### 2. Motion to set aside default

The Court has discretion to set aside default if the defaulting party can show good cause. Fed. R. Civ. P. 55(c). Courts in the Ninth Circuit frequently use the factors set out in *Falk v. Allen* (the "Falk Factors") to determine whether good cause exists: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of defendant led to the default." *Brandt*, 653 F.3d at 1111 (quoting *Falk*, 739 F.2d at 463). Moreover, courts prefer trials on the merits rather than dismissal based on default. *Falk*, 739 F.2d at 463 ("[A] case should, whenever possible, be decided on the merits").

The Court finds that there is good cause to set aside Defendants' default. Considering the first Falk Factor, there has been minimal, if any, prejudice to Mr. Lodge Pole as a result of Defendants' late filing. "The standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Id.* (citing *Gross v. Stereo Component Systems*, 700 F.2d 120, 123 (3d Cir. 1983)). There are no facts to

suggest that Mr. Lodge Pole's ability to pursue his claim is any different than it would be had Defendants timely filed their Answer. Moreover, Mr. Lodge Pole filed his original Complaint on October 14, 2016, but due to his own procedural errors, he did not serve Defendants until over a year later on October 19 and 20, 2017. In comparison, Defendants filed their Answer just under a month late, and within a week of hiring counsel. (*See* Doc. 22-1 at ¶4). Mr. Lodge Pole can hardly assert that a one-month delay has prejudiced him any more than his own delay has.

      The Court also finds that the second Falk Factor, whether the defendant has a meritorious defense, weighs in Defendants' favor. While this Court will not adjudicate the merits brought up in Defendants' Brief in Opposition at this time, a cursory review of Defendants' Answer demonstrates to the Court that Defendants have several viable defenses to Mr. Lodge Pole's claims, including outright dismissal for lack of subject matter jurisdiction. (Doc. 20). As such, the second Falk Factor weighs in favor of setting aside default.

      Finally, Defendants argue that their conduct did not lead to default. Defendants admit they were served on October 19 and 20, 2017, and did not file a responsive pleading within twenty-one days under Fed. R. Civ. P. 12(a)(1)(A)(i). However, this belated filing is one of several in a long history of procedural delays, and the first that is attributable to Defendants. While Defendants do bear some

fault for their tardiness, much of the delay can also be attributed to Mr. Lodge Pole's delays and inadequate filings. (*See e.g.*, Doc. 17). Moreover, as stated in counsel for Defendants' Affidavit, Defendants promptly sought to rectify their mistake. (Doc. 22-1). Defendants' counsel filed an Answer within a week of being informed of the suit. (*Id*).

Therefore, based on the analysis set forth above, the Court finds there is good cause to set aside Defendants' default. The Court recommends that default judgment should be denied and the Defendants' default should be set aside pursuant to Fed. R. Civ. P. 55(c).

## V. FINDINGS AND RECOMMENDATIONS

Therefore, in relation to Mr. Lodge Pole's Amended Motions for Entry of Default (Docs. 18 and 21) and Defendants' Brief in Opposition (Doc. 22), the Court **FINDS**:

1. Ms. Meyers-Nault is in default as of November 9, 2017, and Mr. Nault and Ms. Little are in default as of November 10, 2017.

2. There is good cause to set aside Defendants' default.

The Court **RECOMMENDS**:

1. Mr. Lodge Pole's Motion for Entry of Default, construed as a motion for default judgment, should be DENIED.

2. Defendants' Brief in Opposition to Plaintiff's Motions for Entry of Default, construed as a motion to set aside default, should be GRANTED.

DATED this 31st day of January, 2018.

_____
John Johnston
United States Magistrate Judge